IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. JAMES EUGENE FRAY, Defendant/Movant. | Cause No. CR 13-49-M-DWM<br>CV 15-42-M-DWM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Fray's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Fray is a federal prisoner proceeding pro se.

In reviewing the motion, the Court has refreshed its memory by consulting the rough transcript of Fray's sentencing hearing. Pursuant to 28 U.S.C. § 753(f), the United States will be required to order the transcript for the Court's file and for Fray.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of

1

constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On October 18, 2013, Fray was indicted on one count of being a felon in possession of firearms, a violation of 18 U.S.C. § 922(g)(1); one count of possession of stolen firearms, a violation of 18 U.S.C. § 922(j); and a forfeiture count. Indictment (Doc. 8) at 2-4. He retained Bryan Tipp to represent him. Notice of Appearance (Doc. 4).

Pursuant to a plea agreement, Fray pled guilty to Count 1 of the Indictment. He admitted that he was a felon in possession of firearms, that he possessed ten firearms, and that some were stolen. Plea Agreement (Doc. 20) at 3-4 ¶ 4. The United States agreed to recommend a three-point reduction for acceptance of responsibility and to dismiss Count 2 of the Indictment. *Id.* at 7 ¶ 6. Fray conditionally waived his right to appeal the sentence and waived his right to file a § 2255 motion. *Id.* at 9 ¶ 10(a) paras. 1-2. Fray pled guilty in open court on

2

December 20, 2013.

On two occasions, one before Fray's change of plea and one before sentencing, the United States moved the Court for leave to use Fray, with his lawyer's consent, as a confidential informant. Both motions were denied. Sealed Mots. (Docs. 16, 28); Sealed Orders (Docs. 17, 29).

Before sentencing, Fray admitted and tested positive for methamphetamine use. A hearing was held on Pretrial Services' petition to revoke Fray's pre-sentencing release. At the hearing, Fray testified that he drank juice with methamphetamine mixed into it without knowing the juice was contaminated. Judge Lynch found Fray's testimony "completely lacking in credibility." His release was revoked, and he was taken into custody. Revocation Hr'g Tr. (Doc. 49) at 27:3-28:20, 44:12-45:10.

Sentencing was held on April 29, 2014. The case agent was called as a witness by the defense and testified to Fray's assistance. Under the advisory guidelines, Fray's base offense level was 20. He received a four-point upward adjustment because he possessed 8 to 24 firearms, a two-point upward adjustment because some firearms were stolen, and a three-point downward adjustment for acceptance of responsibility. The total offense level was 23. The criminal history category was III. The advisory guideline range was 57-71 months. Presentence Report (Doc. 58) ¶¶ 29-40; Mot. to Continue Ex. (Doc. 42-1) at 1; Statement of

Reasons (Doc. 57) at 1 ¶ III. Fray was sentenced to serve 57 months in prison, with a recommendation that he be admitted to the Bureau of Prisons' Residential Drug Abuse Prevention Program. When he is discharged from prison, he will serve a three-year term of supervised release. Judgment (Doc. 56) at 2-3.

Fray did not appeal. His conviction became final on May 13, 2014. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). Fray timely filed his § 2255 motion on April 27, 2015. 28 U.S.C. § 2255(f)(1).

### III. Claims and Analysis

Fray alleges that his criminal history points were wrongly calculated and that two conditions of his supervised release relating to drug use should not have been imposed. Mot. § 2255 (Doc. 63) at 4, 5. He asks the Court to "adjust" his sentence and also to take into account the fact that, according to the case agent, he provided assistance that was substantial. *Id.* at 13.

For several reasons, the motion is denied. First, Fray's plea agreement waived his right to file a § 2255 motion. He alleges no reason he should be relieved of his waiver.

Second, non-constitutional sentencing errors are not cognizable in § 2255 proceedings if not raised on direct appeal. *United States v. Schlesinger*, 49 F.3d 483, 484 (9th Cir. 1995). This type of waiver cannot be excused. *Id.* at 485 (citing *Evenstad v. United States*, 978 F.2d 1154, 1158 (9th Cir. 1992)). Further, the

proposed Guideline calculations were set forth in the Presentence Report and discussed at the sentencing hearing. Thus, "[a]ny exception to waiver for hidden errors is inapplicable in this case." *Id.*

Even if Fray could overcome those procedural obstacles – and he cannot – he would not prevail on the merits of his claims. The convictions counted in Presentence Report ¶¶ 52, 56, 57, 59, and 64 were plainly correctly counted under U.S.S.G. §§ 4A1.1(c) and 4A1.2(a)(3) and (b)(2). Those convictions totaled five points, but the number of points was limited to four by U.S.S.G. § 4A1.1(c). A defendant with four criminal history points is in criminal history category III. U.S.S.G. ch. 5 Part A (Sentencing Table). Although Fray objected to inclusion of a conviction incurred in Sacramento, *see* Def. Objections (attached to Presentence Report), the Sacramento conviction was not counted against him in any way, *see* Presentence Report ¶ 68.

Conditions of supervised release must be "reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)." 18 U.S.C. § 3583(d)(1). A condition prohibiting drug use is specifically approved. *Id.* § 3583(d). The requirements that Fray be subjected to random urinalysis and breathalyzer tests and that he participate in a substance abuse treatment program were rooted in Fray's history and characteristics, including his inability to refrain from using methamphetamine while on pre-sentencing release. His use on that

5

occasion, when he had significant incentive not to use methamphetamine, scotched any argument for an exception from the testing and treatment requirements under 18 U.S.C. §§ 3583(d) and 3563(a)(5).¹ *See* Presentence Report ¶¶ 92-95; *United States v. Maciel-Vasquez*, 458 F.3d 994, 996 (9th Cir. 2006); *United States v. Carter*, 159 F.3d 397, 400-01 (9th Cir. 1998).

Finally, Fray's cooperation with law enforcement was considered at sentencing. *See United States v. Zolp*, 479 F.3d 715, 721-22 (9th Cir. 2007). That is why he was sentenced at the low end of the advisory guideline range rather than in the middle or at the high end, "as would be justified by his criminal history." Statement of Reasons at 4 ¶ VIII.

## IV. Certificate of Appealability

The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

---

¹ 18 U.S.C. § 3583(d) refers to an exception in § 3563(a)(4), but (a)(4) concerns domestic violence crimes. Subsection (a)(5) appears to be the one intended.

6

(2000)).

Fray waived his right to file a § 2255 motion in the plea agreement. In addition, he raises only non-constitutional issues that are not cognizable under § 2255. And his claims lack merit. His criminal history was correctly calculated. The conditions of his supervised release were supported by a long history of drug abuse and by revocation of his release before sentencing due to methamphetamine use. His cooperation with law enforcement did not result in a motion under U.S.S.G. § 5K1.1, but it did result in a sentence at the low end of the advisory guideline range, rather than the middle or high end.

Reasonable jurists would find no basis to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the sentencing hearing, held on April 29, 2014, is required to decide issues presented by Fray's motion.

2. The United States shall immediately order the transcript of the sentencing hearing for the Court's file and shall also deliver a copy to James Eugene Fray # 05591-059, FCI Sheridan, Federal Correctional Institution, P.O. Box 5000, Sheridan, OR 97378.

3. Fray's motion to vacate, set aside, or correct the sentence under 28 U.S.C.

§ 2255 (Doc. 63) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Fray files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 15-42-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Fray.

DATED this 24th day of June, 2015.

Donald W. Molloy
United States District Court